UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS BUZZERD and KRISTI COURTNEY, Plaintiffs | : : : CIVIL ACTION NO. 3:06-0981 : |
| v. FLAGSHIP CARWASH OF PORT ST. LUCIE, INC.; U-HAUL CO. OF FLORIDA; and U-HAUL CO. OF ARIZONA, Defendants | : (VANASKIE, D.J.) : : : : : |

## MEMORANDUM

This is a personal injury action removed to this Court based upon diversity of citizenship jurisdiction. Plaintiffs, Thomas Buzzerd and Kristi Courtney, claim to have suffered carbon monoxide poisoning as a result of defects in a U-Haul truck that was leased from the Flagship Carwash of Port St. Lucie, Inc. Defendant U-Haul Company of Arizona ("U-Haul Arizona") has moved for summary judgment on the ground that it did not owe a duty of care with respect to the inspection and maintenance of the truck in question, which it owned but leased to others as a one-way rental vehicle.[1] The Magistrate Judge to whom this matter had been assigned for pretrial management purposes issued a Report and Recommendation, proposing denial of the summary judgment motion on the ground that U-Haul of Arizona, as owner of the vehicle, had a nondelegable duty of due care to assure

---

[1] Also pending before the Court is a motion for summary judgment on the merits of Plaintiffs' claim, presented by all of the remaining defendants, including U-Haul of Arizona. That motion will be addressed separately.

that the vehicle was in proper operating condition.  Having reviewed the matter *de novo* as a consequence of the filing of objections to the Report and Recommendation, I conclude that the nondelegable duty theory adopted by the Magistrate Judge is effectively a theory of vicarious liability foreclosed by the Graves Amendment to the Safe, Accountable, Flexible, Efficient, Transportation Equity Act, codified at 49 U.S.C. § 30106.  Accordingly, the objections of U-Haul of Arizona will be sustained, and its summary judgment motion will be granted.

I. BACKGROUND

The pertinent facts are not in dispute.  U-Haul of Arizona is the registered owner of the vehicle used by Plaintiffs on November 24 and 25, 2004.  Plaintiffs, while driving the vehicle from Florida to Pennsylvania, experienced headaches, nausea, disorientation, and confusion.  Plaintiffs claim that their symptoms were attributable to a malfunction in the vehicle's exhaust system, resulting in carbon monoxide exposure in the cabin of the vehicle. Plaintiffs assert that all entities involved in the leasing of the vehicle, including its registered owner, U-Haul of Arizona, were negligent.

Significantly, however, Plaintiffs do not contest the representation of U-Haul of Arizona that it had no involvement with their leasing of the truck, the maintenance of the truck, or the business of leasing or maintaining vehicles in Florida, where the one-way rental originated.  Plaintiffs also do not dispute the fact that U-Haul of Florida assumed the

responsibility of maintaining the vehicle in question.  Finally, it is undisputed that U-Haul of Arizona is the registered owner of all one-way U-Haul Rentals, which it leases to U-Haul companies in other states under agreements that delegate the responsibility for maintenance, service and repair of the U-Haul vehicles to the lessees.  In this regard, it is undisputed that U-Haul of Florida is responsible for the maintenance, service and repair of U-Haul vehicles leased by U-Haul of Arizona to entities in Florida.

II.  DISCUSSION

The Graves Amendment, 49 U.S.C. § 30106, precludes the imposition of liability of an entity engaged in the trade or business of renting or leasing motor vehicles solely as a result of the ownership of the vehicle in question.  Specifically, § 30106(a) provides:

> An owner of a motor vehicle that rents or leases the vehicle to a person (or an affiliate of the owner) shall not be liable under the law of any State or political subdivision thereof, by reason of being the owner of the vehicle . . . for harm to persons or property that results or arises out of the use, operation, or possession of the vehicle during the period of the rental or lease if -
>
> (1) the owner . . . is engaged in the trade or business of renting or leasing motor vehicles; and (2) there is no negligence or criminal wrong doing on the part of the owner . . . .

The Graves Amendment applies to all actions commenced on or after August 10, 2005, even if the injury occurred before the enactment date.  49 U.S.C. § 30106(c); Green v. Toyota Motor CreditCorp., 605 F. Supp. 2d 430, 433 (E.D.N.Y. 2009).

It is undisputed that U-Haul of Arizona is in the business of renting or leasing one

3

way trucks. It is also undisputed that this action was commenced after August 10, 2005. The Graves Amendment is therefore applicable, and forecloses liability based solely on the fact of ownership of the vehicle in question.[2]

Plaintiffs contend that their claims fall within the savings clause in § 30106(a)(2) in that they have asserted negligence on the part of U-Haul of Arizona. The Magistrate Judge agreed with Plaintiffs' contention, finding that an owner of a motor vehicle has a duty of due care under Pennsylvania law. The Magistrate Judge further concluded that the duty was nondelegable, relying on Maloney v. Rath, 445 P.2d 513 (Cal. 1968), and Beauchamp v. B & L Motor Freight, Inc., 152 N. E. 2d 334 (Ohio Ct. App. 1958).

Neither the Magistrate Judge nor Plaintiffs provide any analysis of Pennsylvania decisional law that would support a conclusion that Pennsylvania would preclude a leasing company, such as U-Haul of Arizona, from delegating the maintenance and repair of leased vehicles to the lessees. Assuming, however, that Pennsylvania law would impose such a nondelegable duty, the Graves Amendment operates to preempt such law because the nondelegable duty doctrine is simply another way of imposing vicarious liability.

An examination of the holdings relied upon by the Magistrate Judge makes clear that the nondelegable duty doctrine is simply a way of imposing liability based solely upon

---

[2]Indeed, Plaintiffs voluntarily dismissed claims of vicarious liability against U-Haul of Arizona that had been asserted in this action.

4

ownership, i.e., liability that does not depend upon the fault of the vehicle owner. In Maloney, the court explained:

> [A] nondelegable duty operates, not as a substitute for liability based on negligence, but to assure that when a negligently caused harm occurs, the injured party will be compensated by the person whose activity caused the harm and who may therefore properly be <u>held liable for the negligence of his agent</u>, whether his agent was an employee or independent contractor.

445 P. 2d at 515. In Maloney, the court imposed liability upon an owner of a motor vehicle for an accident attributable to a defect in the braking system notwithstanding the fact that the vehicle owner had taken the vehicle to a mechanic for the explicit purpose of assuring that the brakes were in a safe operating order. The Maloney court declared that "[s]ince [the owner]'s duty to maintain her brakes in compliance with the provisions of the Vehicle Code is nondelegable, the fact that the brake failure was the result of her independent contractor's negligence is no defense." Id. at 517. In other words, the owner was vicariously liable for the actions of her agent.

Similarly, in Beauchamp, an Ohio intermediate appellate court similarly found that negligence of a mechanic in repairing brakes on a tractor-trailer was attributable to the vehicle owner, explaining that "[t]he duty of exercising reasonable care in the repair of such an instrumentality cannot be delegated by the user." 153 N. E. 2d at 338. As in Maloney, the court suggested a vicarious liability basis for its conclusion, indicating that "[t]he negligence of an independent contractor to whom the task of repairing has been assigned is

5

attributable to the contractee."

In this case, there is no dispute that U-Haul of Arizona delegated the responsibility of keeping the leased vehicle in a safe condition to its lessee. Essentially, therefore, Plaintiffs seek to hold U-Haul of Arizona liable for the negligent performance of its lessee's maintenance and repair responsibilities. As recognized in Prosser and Keeton on Torts, the nondelegable duty doctrine is essentially one of vicarious liability. Keeton, supra, at 511. Stated otherwise, liability is premised solely upon the fact of ownership of the vehicle.

The Graves Amendment preempts state law to the extent that liability would be imposed on lessors of vehicles solely as a consequence of their ownership interest in the vehicles. See, e.g., Green, 605 F. Supp. 2d at 436 ("vicarious liability claims against car rental and leasing companies 'may no longer be maintained'"); Carton v. General Motors Acceptance Corp., No. 08-CV-1032, 2009 WL 2139387, at *12-13 (N. D. Iowa July 14, 2009); Berkan v. Penske Truck Leasing Canada, Inc., 535 F. Supp. 2d 341, 345-46 (W.D.N.Y. 2008). Only where the lessor has retained the duty of maintenance and repair would the savings clause of the Graves Amendment be triggered. See, e.g., Colon v. Bernabe, No. 07 Civ. 3369, 2007 WL 2068093, at *4 (S.D.N.Y. July 19, 2007). Plaintiffs have presented no evidence that U-Haul of Arizona retained any obligation with respect to the maintenance of the truck in question. Accordingly, even if Pennsylvania law would impose a nondelegable duty to keep the vehicle in safe operating condition, the Graves

Amendment operates to preempt that law.

III. CONCLUSION

For the reasons set forth above, U-Haul of Arizona is entitled to summary judgment. An appropriate Order follows.

s/ Thomas I. Vanaskie
Thomas I. Vanaskie
United States District Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THOMAS BUZZERD and KRISTI COURTNEY, | : : | |
| Plaintiffs | : | CIVIL ACTION NO. 3:06-0981 |
| | : | |
| v. | : | (VANASKIE, D.J.) |
| FLAGSHIP CARWASH OF PORT ST. LUCIE, INC.; U-HAUL CO. OF FLORIDA; and U-HAUL CO. OF ARIZONA, | : : : : | |
| Defendants | : | |

## ORDER

NOW, THIS 28th DAY OF SEPTEMBER, 2009, for the reasons set forth in the foregoing Memorandum, IT IS HEREBY ORDERED THAT:

1. The Objections of U-Haul of Arizona to the Report and Recommendation of Magistrate Judge Mannion appearing at Dkt. Entry 106 are SUSTAINED.

2. The Motion for Summary Judgment of Defendant U-Haul of Arizona (Dkt. Entry 57) is GRANTED.

3. The Clerk of Court is directed to enter judgment in favor of U-Haul of Arizona and against Plaintiffs.

                                              s/ Thomas I. Vanaskie
                                              Thomas I. Vanaskie
                                              United States District Judge